J-A10035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ELIZABETH PROTESTO CLINGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CLINGER | : | No. 1733 EDA 2023 |

Appeal from the Order Entered May 9, 2023
In the Court of Common Pleas of Chester County
Domestic Relations at No(s): PACSES 782116334

BEFORE: PANELLA, P.J.E., BECK, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:         **FILED APRIL 8, 2024**

Elizabeth Protesto Clinger ("Mother") appeals from the May 9, 2023 order that, *inter alia*, requires appellee, Michael Clinger ("Father"), to pay a sum of one thousand nine hundred and eighty-three dollars ($1,983.00) per month in child support for the parties' two minor children. We quash the instant appeal *sua sponte* for its substantial noncompliance with the Pennsylvania Rules of Appellate Procedure.

Briefly, the parties were married in 2010, and through that marriage, produced two children. In 2015, the parties separated, a complaint in divorce was filed in 2016, and in 2017, Mother filed a complaint seeking child support and alimony *pendente lite*. In 2019, the court ordered Father to pay $2,237 per month in child support, $2,657 per month in spousal support, and $979

_____

* Retired Senior Judge assigned to the Superior Court.

toward arrears.

On December 9, 2019, Father filed a petition to modify his support obligations, and on January 4, 2021, Father filed a petition to terminate alimony *pendente lite*. Ultimately, after a hearing before a hearing officer, that officer found Father to have met his burden of establishing a material and substantial change in circumstances due to, *inter alia*, several terms of incarceration. The hearing officer further recommended both a reduction in his child support amount and the complete elimination of alimony *pendente lite*. Although Mother filed exceptions to the hearing officer's report, the lower court denied Mother's exceptions by order of April 25, 2023.

Pursuant to the May 9, 2023 order of court, the court adopted the hearing officer's recommendations and ordered Father to pay $1,983.00 monthly in child support. In addition to eliminating alimony *pendente lite*, that order also obligated Father to pay 81.71% of all unreimbursed medical, surgical, dental, and optical expenses that exceed $250 per year per person. Mother timely appealed from this order.

Preliminarily, we highlight one of the most fundamental rules contained within our Rules of Appellate Procedure:

**Rule 2101. Conformance with Requirements**

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

In particular, briefs are required to contain:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

***

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111.

Although Mother's brief facially conforms to Rule 2111's requirements, it contains myriad problems. First, her brief cites two wholly inapplicable decisions from our sister court, the Commonwealth Court, for her scope and standard of review. **See** Mother's Brief, at 6-7.

Second, in her statement of questions involved, although she apparently raises seven questions, five of them baldly ask whether the trial court

erred/abused its discretion by "not enforcing" a specific Pennsylvania Rule of Civil Procedure with no further elaboration. ***See id***., at 7. Moreover, in this same section, Mother has not included "an answer stating whether the court … agreed, disagreed, did not answer, or did not address the question," in violation of Rule 2116(a). Pa.R.A.P. 2116(a).

Third, Mother's statement of the case violates Rule 2117 because it contains argument. ***See, e.g.***, Mother's Brief, at 8 ("At [*sic*] Pa.R.C.P. 1910.16-1(c) does not allow spousal and alimony pendente lite to be in effect simultaneously."); ***id.***, at 12 ("The court failed to invoke 'frivolous' review authority and dismiss the case."); Pa.R.A.P. 2117(b). Additionally, the statement of the case is also deficient because it contains no references to places "in the record where the evidence substantiating [any] fact relied on may be found." Pa.R.A.P. 2117(a)(4).

Fourth, Mother's summary of argument section contains five issues, notwithstanding the fact that her statement of questions presented purports to raise seven issues. ***See*** Pa.R.A.P. 2118 ("The summary of argument shall be a concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved."). Additionally, some of Mother's summaries border on incoherence. ***See, e.g.***, Mother's Brief, at 13 ("Master and court have failed to invoke its screening powers to dismiss 'frivolous' actions where the jurisdiction does not suffer claims that lack an arguable basis in law or fact.").

Fifth and most fatal of all, Mother's argument section is utterly deficient. Despite being required to divide her argument "into as many parts as there are questions to be argued[,]" Pa.R.A.P. 2119(a), her argument section contains four headings total, deviating from both her statement of questions presented and summary of argument sections, with one heading simply saying "RELEASE FROM JAIL[.]" Mother's Brief, at 16. Notably, there are only two citations, both to our Rules of Civil Procedure, in her entire argument section, a violation of Rule 2119(b). And despite having a table of citations to cases cited at the beginning of her brief, *see* Mother's Brief at 3-4, none of those cases were utilized in any capacity in the brief. Moreover, the argument section contains no record citations. ***See*** Pa.R.A.P. 2119(c).

In sum, Mother's brief falls substantially short of the minimal requirements that are set forth in Chapter 21 of the Pennsylvania Rules of Appellate procedure. In effect, these deficiencies have completely foreclosed our ability to conduct meaningful appellate review. Consequently, we quash the appeal. ***See Commonwealth v. Perez***, 93 A.3d 829, 837, 838 (Pa. 2014) (establishing that compliance with "briefing requirements scrupulously delineated in our appellate rules" are "mandatory") (citation omitted); Pa.R.A.P. 2101 (appellate briefs that materially fail to conform with appellate rules may be quashed).

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/8/2024